[Civ. No. 9965. First Appellate District, Division Two.—November 1, 1935.]

In the Matter of the Adoption of MARILYN CAMPBELL, a Minor. JESSIE CAMPBELL, Respondent, v. CARROLL GOSS HALL, Appellant.

Hubbard & Miller, Charles J. Janigian, James Sykes, James P. Sweeney and John J. McMahon for Appellant.

Harold Huovinen for Respondent.

NOURSE, P. J.—On January 20, 1931, Marilyn Campbell was born out of wedlock to Beatrice Campbell. The mother placed her in the home of the Ladies' Relief Society, where she remained and was cared for until the month of September, 1934. Beatrice Campbell died July 18, 1934, and soon

thereafter her mother, the petitioner herein, applied for and was granted letters of guardianship over the minor child. In September, 1934, she removed the child to her own home and ever since has had the exclusive care and custody over her. On September 12, 1934, the petitioner filed this petition for the adoption of the child to which the putative father and appellant herein filed his objections, the basis of which was that the grandmother was unfit and not able to care for the child and that the father had the ability and was a fit and proper person for that purpose. At the close of the hearing the trial judge announced that he was prepared to find in favor of the petitioner and against the allegations of the opposition filed by the appellant. Counsel for appellant thereupon requested that no findings as to his fitness and ability be made and when told that this request could not be granted he stipulated that findings on all matters be waived. A decree was thereupon entered without findings which contained the recitals that the best interests of the child would be promoted by the adoption and that the objections of the appellant should be overruled.

The appeal is argued on the sufficiency of the evidence to show the fitness of the petitioner and her ability to care for the child and the sufficiency of the evidence upon the same factors relative to the appellant. ■ When findings of fact have been expressly waived we must assume in support of the decree that if findings had been made the court would have found everything necessary to support its judgment. Thus we must assume that the court would have found that petitioner was fit and able to care for the child. It may also have found that the appellant was not. The evidence in both instances is conflicting and the recitals in the decree are controlling here.

■ The one question of law involved here finds complete answer in the statutes. Section 224 of the Civil Code provides in part: ''A legitimate child cannot be adopted without the consent of its parents if living; . . . nor an illegitimate child without the consent of its mother if living, . . . '' The code section contains no ambiguous language and requires no interpretation. It declares in plain terms that an illegitimate child cannot be adopted without the consent of the mother if living. If the legislature had intended that the consent of the father was also necessary, it would have said so in simple

language as it did in the first part of the section relating to the adoption of a legitimate child. On the authority of decisions taken from other jurisdictions the appellant argues that as a general rule the putative father of an illegitimate child is entitled to preference in its adoption if found competent and suitable for that purpose. The argument is persuasive in so far as it states a general rule bearing on the discretion of the court in adoption proceedings, but it has no force here for two reasons—the code section places no such limitation upon the exercise of the discretion of the court, and there is no finding that the appellant was competent and suitable.

The decree is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 30, 1935.